[S. F. No. 2610. Department Two.—September 25, 1903.]

## ROBERT WESTWATER and EUNICE WESTWATER, Appellants, v. RECTOR, WARDENS, AND VESTRY OF GRACE CHURCH, Respondent.

CONTRACT FOR PERSONAL SERVICES—ACTION FOR BREACH—DAMAGES—INSUFFICIENT COMPLAINT.—A complaint alleging employment of plaintiff by the defendant as a vocalist, under a contract for six months' notice by either party to terminate the engagement, and alleging a malicious and oppressive dismissal of the plaintiff without notice, contrary to the agreement, for the purpose of injuring her reputation as a vocalist, and that in consequence thereof the plaintiff has been humiliated, suffered great mental agony, and been sick in mind and body, to her damage in the sum of ten thousand dollars, states no cause of action; and a demurrer thereto was properly sustained.

ID.—MEASURE OF DAMAGES—DETRIMENT PROXIMATELY CAUSED—ASCERTAINABILITY—REMOTE AND UNCERTAIN DAMAGES.—The measure of damages for breach of a contract, except as otherwise expressly provided, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom; and no damages can be recovered therefor which are not clearly ascer-

tainable in both their nature and origin. Nothing can be recovered for remote and uncertain damage to health, reputation, or feelings not proximately caused by the breach of contract.

ID.—LACK OF ESSENTIAL AVERMENTS.—In the absence of essential averments that plaintiff was receiving specified wages, and that upon dismissal of her by the defendant without her fault and without notice, in violation of the contract, she could not obtain a position in which she could make as much wages, she can recover no damages for the breach of the contract of employment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion.

A. E. Shaw, and T. M. Osmont, for Appellants.

Where the defendant is a wrong-doer in breaking his contract, a greater latitude is allowed the jury in assessing damages. (Chitty on Contracts, 684; Field on Damages, sec. 65.) Injury to feelings may be considered in such case. (*Western Union Tel. Co.* v. *Broesche,* 72 Tex. 654;[1] *Western Union Tel. Co.* v. *Cooper,* 71 Tex. 507;[2] *Reese* v. *Western Union Tel. Co.,* 123 Ind. 294; *Wadsworth* v. *Western Union Tel. Co.,* 86 Tenn. 695;[3] *Bensley* v. *Western Union Tel. Co.,* 39 Fed. 181; *Hays* v. *Houston R. R.,* 46 Tex. 272; *Renihan* v. *Wright,* 125 Ind. 536;[4] *Curtis* v. *Railroad Co.,* 87 Iowa, 622.)

H. W. Bradley, for Respondent.

The complaint is insufficient to show any proximate or ascertainable damages for the breach of contract. (Civ. Code, sec. 3300; *Utter* v. *Chapman,* 38 Cal. 664; *Parke* v. *Frank,* 75 Cal. 369; *Dodge* v. *Kimple,* 121 Cal. 580; *Friend & Terry etc. Co.* v. *Miller,* 67 Cal. 466; Clark on Contracts, p. 698; 1 Sedgwick on Damages, sec. 113; *Western Union Tel. Co.* v. *Roger,* 9 So. Rep. 825.)

COOPER, C.—This case presents the sole question as to whether or not the court properly sustained defendant's demurrer to the third amended complaint. The complaint

[1] 13 Am. St. Rep. 843.
[2] 10 Am. St. Rep. 772.
[3] 6 Am. St. Rep. 864.
[4] 21 Am. St. Rep. 249

alleges in substance that about January, 1890, Eunice West-
water, who will hereafter be called the plaintiff, was en-
gaged by defendant corporation as contralto vocalist of
defendant's choir, and continued to be so engaged until Janu-
ary, 1895. That about the month of August, 1893, defendant
entered into a contract with plaintiff, wherein it was agreed
that either party desiring to terminate the engagement re-
ferred to should give six months' notice to the other party.
That the agreement as to notice was made for the purpose of
preventing injury to the musical vocation and reputation of
plaintiff by any dismissal upon less notice than six months.
That in January, 1895, without any previous notice, contrary
to said agreement, and for the purpose of injuring the repu-
tation of said plaintiff as a vocalist, the defendant dismissed
her. That said dismissal was malicious and oppressive, and
in consequence thereof the plaintiff has been humiliated, suf-
fered great mental agony, and been sick in mind and body,
to her damage in the sum of ten thousand dollars, for which
sum judgment is prayed. The demurrer was properly sus-
tained.

The gist of the action is the dismissal of the plaintiff with
intent to injure her, and without due notice as agreed between
the parties. The contract was that defendant should not dis-
miss plaintiff without notice. She was dismissed without
notice in violation of the contract. For this breach of con-
tract, damages are sought. There is no allegation in the com-
plaint as to the wages, if any, plaintiff was receiving from
defendant. There is no allegation that anything was due her
when she was dismissed. There is no allegation that plain-
tiff could not get employment in some other choir at better
wages. The complaint may be true, and yet the plaintiff
have been much benefited by the dismissal. She may have
been getting five dollars per month. After she was dismissed
she may have secured similar employment at two hundred
and fifty dollars per month. The action is not for a tort, nor
is it for slander or libel. Therefore the question is one aris-
ing by reason of a breach of the contract. In such case the
defendant cannot be held liable for damages to plaintiff's
health, nor for injury to her feelings or reputation, by reason
of her wrongful discharge. Her right to be employed arose

by reason of contract. Her dismissal without notice was a breach of contract. It is provided in the Civil Code (secs. 3300, 3301) : "For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which in the ordinary course of things would be likely to result therefrom. No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and origin." Injury to the plaintiff's health, feelings, or reputation would not be proximately caused by her wrongful discharge, nor would it be likely to result in the ordinary course of things. "Proximately caused thereby,"—that is, such damages as must immediately follow and are produced by the act complained of are the damages for which the statute provides the measure, or such damages as in the ordinary course of things would be likely to result from the act. (*Friend & Terry etc. Co.* v. *Miller,* 67 Cal. 467.) Damages to health, reputation, or feelings are not clearly ascertainable either in their nature or origin. Who can say how much in dollars and cents the injured feelings should be compensated, how much money shall be received for the injured reputation—injured not by a tort, but by failing to keep a contract? The court is not allowed, under the sections quoted, to trace remote causes and effects, nor to examine the physical condition of plaintiff, and the causes that have brought it about, and determine how much her health has been impaired by the dismissal of her from defendant's choir, independent of her constitution, habits, or chronic condition, and thus clearly ascertain the damage to her health caused by defendant, and estimate it in dollars. To do so would be the work of an omniscient judge. And so of the reputation and feelings. What the reputation was, what it is now, how much and in what way it has been impaired by defendant, or has it been impaired by other persons or other causes, or by failure of the powers and ability of plaintiff, leads us into questions too abstruse and complicated for the human mind. Certainly such damages are not clearly ascertainable. No one but plaintiff experienced the mental agony and sickness of mind she complains of. She alone

knows as to whether or not she has suffered such agony and mental sickness. To what extent it is mental and to what extent physical she cannot tell, because she could not in the nature of things know. The extent of the mental agony or mental sickness of each person would be different under the same precise circumstances. It would depend upon the mental peculiarities and physical condition of each person. Some kind of feelings or emotion would be caused in any one by his wrongful discharge from employment, or by any discharge, whether wrongful or not, but courts do not give redress in such cases, arising by mere breach of contract. If the courts should attempt in such cases to give damages for injured health, feelings, or reputation, it would set society on edge and fill the courts with useless and injurious litigation. It would result in serious injury to commerce, and the transactions of the common business of life. It is not to give compensation for each or every injury in the mind or emotions, real or imaginary, that the courts are constituted. It is for the practical business operations of life, and for substantial injuries to persons or property that the people have established courts. If the plaintiff was receiving wages, and lost her position with no fault on her part and without notice, and did not succeed in getting another position in which she made as much wages after reasonable effort on her part, she should be compensated. She has stated no such case and is entitled to nothing upon the facts stated.

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    McFarland, J., Lorigan, J., Henshaw, J.