[Civ. No. 7835. Second Appellate District, Division One.—July 16, 1934.]

BEATRICE LILLIE, Appellant, v. WARNER BROTHERS PICTURES, INC. (a Corporation), et al., Respondents.

Roger Marchetti and Benjamin S. Crow for Appellant.

Freston & Files and Ralph E. Lewis for Respondents.

CONREY, P. J.—This is an appeal by the plaintiff from a judgment of dismissal of the action, following upon the court's order sustaining the several demurrers of the defendants to the third amended complaint.

This appeal is presented on the judgment-roll. If the complaint stated a cause of action, the judgment should be reversed. Relying upon the authority of· *Westwater* v. *Rector etc. of Grace Church*, 140 Cal. 339 [73 Pac. 1055], respondents contend that the action sounds in contract and not in tort and that as an action for breach of contract it did not state a cause of action. Appellant apparently concedes that if the action is necessarily founded on a breach of contract there is no right of action shown by the allegations of the complaint. Appellant contends, however, that by her third amended complaint she stated a cause of action for libel, committed by wrongful and unauthorized publication of a picture of appellant, whereby she was misrepresented in her professional character as an actress, with resulting injury to her professional reputation.

By a contract in writing, defendants engaged the services of appellant to appear in a Vitaphone Talking Production which they were producing under the temporary title of ''Show of Shows''. In the contract it was provided as

follows: "It is understood, that for her services in this production, Miss Beatrice Lillie will receive a flat sum of $15,000, payable in two weekly instalments. It is understood that the one scene, which we supply her with, will not run less than six minutes or more than seven minutes, and the other scene is to run between two and three minutes. It is understood, that you are not required to do more than the above two scenes for the above amount, and that the two above scenes are only to be used in connection with this revue, and not to be used in 'Shorts'. . . . It is also understood and agreed, that Miss Lillie will do two Specialty Numbers in this production for us, one which we will furnish, and the other the material for which she will furnish if so desired by us. It is understood and agreed, that Miss Beatrice Lillie will be given featured billing in this production in the same size type as any other member of the cast, it being understood that this is an all-star production, in which all players are being equally billed."

Those provisions of the third amended complaint which constitute the alleged cause of action are as follows: "II. That plaintiff is an actress by profession, and at all times herein mentioned, and for a long time prior thereto was engaged in acting upon the stage and in moving pictures and talking motion pictures; that she is an actress and public performer of great artistic ability and accomplishments with a wide reputation among producers, other members of the theatrical profession, and the public as one habitually associated with and taking part only in acts and performances of major importance as the star or featured performer at a high remuneration therefor, so that appearance by plaintiff in an act or performance of minor importance, or which taken from its original context appeared to be of minor importance, would impair her standing as a star or feature player, and would lessen her importance in the estimation of producers, other members of theatrical profession and the public, and would thereafter impair her ability to command as high a remuneration, or as important engagements as theretofore, all of which facts were, at all times herein mentioned, well known to defendants and each of them."

Paragraph III states the pleader's construction of the contract and makes the written contract itself a part thereof.

The complaint continues: "IV. That at the time of the making of said contract, and at all times thereafter, each of the parties hereto well knew that the exhibition in motion pictures of plaintiff's part in said production separate and apart from those parts of the said motion picture contributed by said other stars and that the billing and/or advertising of plaintiff's performance in said part as a separate production and not in connection with the main play entitled 'Show of Shows' would impair and damage plaintiff's prestige and reputation as a star or feature performer. It was therefore expressly understood that the defendants should have no right, privilege or license to publish and exhibit a reproduction of plaintiff's said acted part except as a part and portion of said major all-star production and except that the same be expressly advertised as such.

"V. That upon the making of the said contract plaintiff took part and appeared in said all-star production and her acted part was therein filmed by the defendants in connection with the said motion picture film of 'Show of Shows'.

"VI. That plaintiff is informed and believes and upon such information and belief alleges that after the making of the film of the said 'Show of Shows', including the said acted part of plaintiff, defendants, having secured the reproduction of plaintiff's said acting in connection with said all-star major production and under said contract, without any privilege, permission or authority from plaintiff, and against her will and consent, wrongfully, unlawfully, willfully, maliciously and fraudulently and in violation of plaintiff's right of privacy, did subtract and separate from the film and records of said all-star production those portions thereof reproducing plaintiff's said acted part and did present and exhibit said portions so separated in various theaters and at various public performances before large audiences of people as a 'short' or performance of short duration and inconsequential importance, and not in connection with or as part of the said major production, and not in connection with the work of said other stars and in such manner as to present plaintiff to said audiences as a performer who could be and had been engaged in the production of a 'short' or brief and minor production, and did thereby present and show plaintiff to said audiences and the theatri-

cal world as a cheap and inconsequential performer, to the actual damage of plaintiff in the sum of fifty thousand ($50,000.00) dollars.''

The decision in *Westwater* v. *Rector etc. of Grace Church, supra,* relied upon by respondents herein, presents a contract as well as a similarity to the case at bar. There the plaintiff was a vocalist in the defendant's choir under a contract which provided that she should not be dismissed without six months' notice. In violation of the contract she was dismissed without notice. The Supreme Court said: ''The action is not for a tort, nor is it for slander or libel. Therefore the question is one arising by reason of a breach of the contract.'' Treating the case, therefore, as an action for breach of contract, upon examination of the complaint it was found that it did not state facts sufficient to constitute a cause of action. It showed a breach of the contract but failed to show or state facts showing any damage to the plaintiff by reason of the breach.

Appellant claims that respondents have invaded a right which belongs to her independent of the contract. Did she have any right to prevent the exhibition of the picture as a short, which was not based upon the specific provisions of the contract? If it be true as respondents contend, that in the absence of such specific provision an exhibition of the picture as a short or otherwise, would have been justified as an exercise of the producer's property right in the picture, then it follows that such exhibition of the picture by the defendant gives to the plaintiff no right of action other than for breach of the contract. We think that this is the actual situation. By the contract respondent acquired a full ownership in the picture, subject only to the limitations contained in the contract. This ownership included the right to use the picture publicly in any form of exhibition, except as such right is limited by the terms of the contract. It seems clearly to follow that the exhibition of the scene as a short would not be a tortious invasion of the plaintiff's right of privacy. If wrong at all it necessarily was only a breach of the contract.

The admissions made by counsel for appellant exclude any contention that the complaint stated a cause of action for breach of contract. They themselves point out that their complaint does not contain the usual allegations with re-

spect to a breach of contract and an action based thereon; that it is not alleged that the plaintiff has performed the covenants on her part to be performed under the contract and it is not alleged that the defendants violated their contract. Appellant rests her case upon her contention that the gist of the action is an unauthorized and unprivileged publication, in other words, an action to recover damages for libel.

As it appears that the complaint did not state a cause of action on any theory applicable to the facts of the case as alleged, it follows that the court did not err in sustaining the demurrer.

The judgment is affirmed.

York, J., concurred.

Houser, J., dissented.