[Civ. No. 21791.   Second Dist., Div. Two.   July 20, 1956.]

JOHN G. OPPENHEIMER, Appellant, v. GENERAL CABLE CORPORATION (a Corporation) et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

Lawler, Felix & Hall and Reed A. Stout for Respondents.

FOX, J.—Plaintiff brought this action ''for declaratory relief, or, in the alternative, for damages for breach of contract.'' He filed an amendment to his complaint. (These two documents will be treated as the complaint.) The general demurrer of the individual defendants was sustained. The general demurrer of the defendant corporation was overruled. The special demurrers of all defendants were sustained. Plaintiff was granted leave to amend within 20 days. He elected to stand on his complaint. Upon its being dismissed, he appealed from the judgment.

After alleging the corporate organization of the General Cable Corporation, plaintiff states that Canfield, Volle and Gunderson were agents of defendant corporation and acted for and on behalf of it at all times in their respective official capacities. He asserts he is a permanent employee of defendant corporation at Los Angeles; that he has been working under and pursuant to a written contract of employment negotiated between said defendant and a labor union acting as a collective bargaining agent; that under the provisions of such written contract defendant corporation agreed to recognize the principle of seniority in all cases of layoffs, transfers, promotions and filling of vacancies provided the employee is capable of performing the work available; that new employees did not have seniority rights for a probationary period of 30 days but that upon the completion of 30 days' service such employees accumulated seniority privileges from date of hiring; that said contract provides that all vacancies "shall be filled by transfer or promotion of employees within the respective units"; that employees who desire any such job may, within the time specified in a posted notice, file an application therefor; and that employees can be discharged only for just cause.

Plaintiff alleged he was hired by defendants on October 28, 1955, and is fully capable of performing the duties of the position he has been occupying. He further alleged that on November 30, 1955, defendants, in writing, declared a vacancy in the position of raw materials and cost control clerk, and invited applications of their employees therefor within three days; that on the next day he made application for said position; that on December 5, 1955, a newly hired employee was brought in by defendants to "break in" on plaintiff's job, and plaintiff was requested to teach him the work; that on December 6th defendants orally notified plaintiff that he was not being considered for the raw materials and cost control clerk's position; that they informed plaintiff he could continue to break in the newly hired employee by working with him part of each day for about a week; that plaintiff's present position would then be given to the new employee; and that plaintiff's services would thereupon be terminated. Plaintiff further alleges that defendants "thus threaten to breach faith and the written contract of employment, in that they are displacing plaintiff in his position, upon his mere bidding upon another position with defendants, as advertised and solicited by them, but without assigning plaintiff thereto,

to plaintiff's probable damage in the sum of $5,000.00." He asserts that "a dispute has arisen between him and defendants, as to whether or not plaintiff is a permanent employee of defendant corporation, who may be displaced by defendants with a newly hired employee without just or any cause." He further asserts that defendants "dispute plaintiff's status as a permanent employee with seniority rights" and "arbitrarily refuse to accord him his rights of employment, transfer and promotion in accordance with contractual obligations and duties, or at all, and further refuse to pay him his wages since December 13, 1955." He "prays for a declaration of rights, duties and obligations of plaintiff and defendants under the terms of the written contract of employment" and "pursuant to which plaintiff works, damages up to $5,000.00 for any substantial breach by defendants thereof, costs of suit, . . ."

We shall consider first the general demurrer of the individual defendants. Plaintiff states he was working for defendant corporation under the terms of a written contract between the corporation and a labor union. He alleges he was hired by the corporation on October 28, 1955, to fill a position, the nature and title of which are not disclosed; that on December 1, 1955, he applied for a vacant job known as raw materials and cost control clerk. However, five days later defendants notified plaintiff without any explanation that he would not be assigned to fill the job for which he had applied, and informed him his services would be terminated. The individual defendants are declared to have been at all times the "agents, servants, employees and officials of the corporation" and to have "acted and purported to act for and on behalf of said corporation defendant at all such times in their respective official capacities." None of the individual defendants is alleged to have been a party to the contract under which plaintiff was employed. Their acts were performed solely as agents and employees of the corporation.

Section 2343, Civil Code, provides: "One who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency, in any of the following cases, and in no others:

"1. When, with his consent, credit is given to him personally in a transaction;

"2. When he enters into a written contract in the name of his principal, without believing, in good faith, that he has authority to do so; or,

"3. When his acts are wrongful in their nature."

Plaintiff's complaint alleges no facts bringing the acts of the individuals within the scope of section 2343. Any breach of contract that is alleged in the complaint is that of the corporation and not of its agents, and they are not personally liable by reason thereof (Civ. Code, § 2343; *La Rosa* v. *Glaze,* 18 Cal.App.2d 354, 357 [63 P.2d 1181]; *Bush* v. *Vernon,* 135 Cal.App.2d 33, 39-40 [286 P.2d 903].)

Defendants Canfield, Volle and Gunderson, as agents of the corporation, have neither rights nor obligations in relation to plaintiff under the contract of their principal and are asserting no interest in or under the contract antagonistic to any right of plaintiff. While plaintiff may be entitled to declaratory relief to settle disputes as between himself and the corporation under the contract, he is not entitled to declaratory relief as against the individual defendants. Section 1060, Code of Civil Procedure, provides for declaratory relief "in cases of actual controversy relating to the legal rights and duties of the respective parties." It does not provide for the settlement of disputes between plaintiff and persons having no interest under the contract such as Canfield, Volle and Gunderson in the instant matter. As stated in *Axton* v. *Goodman,* 205 Ky. 382 [265 S.W. 806, 807]: "The Declaratory Judgment Act plainly contemplates that there shall be an actual controversy between persons having an interest in the subject matter of the action." See to the same effect *Golden Gate Bridge etc. Dist.* v. *Felt,* 214 Cal. 308, 316 [5 P.2d 585].

Clearly, section 1060, Code of Civil Procedure, does not entitle plaintiff to maintain an action against the individual defendants for a declaration of his rights under a contract to which these defendants are not parties and are alleged to have no legal rights or duties. As between plaintiff and these defendants, no dispute as to their legal rights and duties is shown. Of course the court may refuse to exercise its declaratory relief powers in any case where its declaration or determination is not necessary or proper at the time under all the circumstances. (Code Civ. Proc., § 1061; *Monahan* v. *Department of Water & Power,* 48 Cal.App.2d 746, 750-751 [120 P.2d 730].) Finally, "a judgment refusing to entertain a complaint for declaratory relief is not reviewable upon appeal except for an abuse of discretion, which is not here shown." (*Orloff* v. *Metropolitan Trust Co.,* 17 Cal.2d 484, 489 [110 P.2d 396].) It is apparent that the court acted correctly in sustaining the general demurrer of

Canfield, Volle and Gunderson to plaintiff's complaint and in dismissing the action as to them upon plaintiff's failure to amend in the time allowed.

We now turn our attention to the special demurrer of the corporate defendant, its general demurrer having been overruled. Among other grounds it specified that "The complaint as amended . . . is ambiguous in each of the following respects: . . . (2) It does not appear and cannot be ascertained from the allegations of said complaint as amended how or in what manner plaintiff has been damaged in the amount claimed or in any other amount, or at all; . . ." The trial court held that this specification was well taken and accordingly sustained the special demurrer* on that ground. The ruling was correct.

In an action for damages for breach of an employment contract it is incumbent upon a plaintiff to state with clarity how or in what manner he has been damaged. This is particularly true where his pleading is challenged by a special demurrer for ambiguity upon such grounds. The defendant is entitled to know the basis upon which plaintiff claims to have been damaged. (See *Westwater* v. *Grace Church,* 140 Cal. 339 [73 P. 1055]; *Lillie* v. *Warner Bros. Pictures, Inc.,* 139 Cal.App. 724, 728 [34 P.2d 835]; *Seidenberg* v. *George,* 76 Cal.App.2d 306, 309 [172 P.2d 891].) This is necessary in order to enable defendant to prepare his defense.

The complaint in the instant case fails to meet this requirement. In certain of his allegations plaintiff seems to base his claim for damages on the ground that he was wrongfully discharged from his job with the General Cable Corporation. Other allegations seem to indicate his damages flow from the failure of the corporation to give him the position for which he made application, viz., that of raw material and cost control clerk. It is apparent that plaintiff's complaint is ambiguous in that it fails to show clearly on which of these situations he intends to rely. Thus it "cannot be ascertained from the allegations of said complaint as amended how or in what manner plaintiff has been damaged . . ." Such information was important to the corporation in the preparation of its defense. It properly sought this information by way of a special demurrer. Plaintiff was given 20 days within which to amend and thus clarify his

---

*The special demurrer was also sustained upon an additional ground which, however, we need not discuss.

position. He declined to avail himself of this opportunity. Hence his complaint was properly dismissed.

The judgment is affirmed.

Moore, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied August 16, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1956.