[Civ. No. 21960.   Second Dist., Div. Three.   Apr. 23, 1957.]

JOHN G. OPPENHEIMER, Appellant, v. P. D. ROBINSON
et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

W. A. Gregory, E. D. Yeomans and Walt A. Steiger for Respondents.

SHINN, P. J.—The present action is against Southern Pacific Company and P. D. Robinson to recover unpaid wages and a statutory penalty for the wilful failure to pay said wages on plaintiff's discharge from employment. Defendants demurred jointly to the amended complaint. The court sustained Robinson's special demurrer without leave to amend and entered judgment in his favor. It also sustained Southern Pacific's demurrer with leave to amend, but the record does not disclose the ground or grounds on which the company's demurrer was sustained. Plaintiff declined to amend further against Southern Pacific and judgment of dismissal followed. Plaintiff appeals from the judgments dismissing the action.

The amended complaint contains two causes of action. The material allegations of the first cause of action are the following: Plaintiff was employed by Southern Pacific Company. P. D. Robinson is a superintendent of Southern Pacific Company, acting within the scope of his authority and with the full knowledge, consent and ratification of the company. On August 2, 1955, defendants discharged plaintiff from his employment and wilfully failed to pay him any wages which were then due, owing and accrued; by reason thereof, plaintiff has been damaged in the sum of $6,000. The second cause of

action incorporates the preceding allegations by reference. It also alleges that defendants wilfully failed to pay plaintiff any penalty wages and that by reason thereof he is entitled to a statutory penalty in the sum of $6,000. The prayer is for $6,000 on each count and there is no prayer for judgment in the amount of wages earned.

Defendants interposed a general and special demurrer to each cause of action; the special demurrer specified a number of respects in which the amended complaint was uncertain and ambiguous, viz., it did not allege the amount of wages plaintiff earned while in the company's employment nor the amount of wages due at the time of his discharge; it did not allege whether he made a demand for penalty wages, and, if so, the amount demanded and the amount defendants refused to pay; it did not allege how or in what manner plaintiff was entitled to $6,000 damages or a $6,000 penalty.

Plaintiff states in his brief that the present action is one for unpaid wages and a statutory penalty, and not for wrongful discharge in violation of an employment contract. His rights are therefore governed by sections 200 through 272 of the Labor Code, which relate to the payment of employees' wages and to civil and criminal penalties resulting from a wilful failure to pay such wages when due.

Section 201 provides in part: "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." Section 203 contains the following language: "If an employer wilfully fails to pay, without abatement or reduction, in accordance with sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of such employees shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but such wages shall not continue for more than thirty days. . . ."

The issues involved in a statutory action for the nonpayment of wages are whether the employer failed to pay wages which had accrued at the time the employer-employee relationship terminated and the amount of the accrued wages. Although plaintiff does not allege either the amount of wages accrued and unpaid at the time of his discharge, the rate of his compensation, or the number of working days for which he has not been paid, he argues that the amended complaint states all the ultimate facts essential to a cause of action against Southern Pacific and that all other matters are evi-

dentiary and need not be alleged. His position is clearly untenable.

█ It is elementary that the sufficiency of a complaint is to be judged from the facts alleged which purport to establish liability of the defendant. █ The facts alleged in the first cause of action show no more than a liability of Southern Pacific Company for payment of plaintiff's earned and unpaid wages. There is no allegation that the discharge was wrongful, or a breach of contract or breach of duty on the part of defendants or either of them, other than a failure to pay the wages plaintiff had earned. Upon the facts alleged any recovery on the first cause of action would be limited to that amount. The mere allegation that plaintiff was damaged in the sum of $6,000 by reason of the failure to pay the wages earned is meaningless in the absence of any allegation as to the amount of wages due plaintiff. That allegation is an obvious attempt to claim a sum as damages that would give the superior court jurisdiction of the action, while suppressing facts that would determine whether the action was within the jurisdiction of the superior court. The court was not required to give any effect to the allegation of damage in the absence of the allegation of facts showing liability in damages, nor to proceed further in the action in the face of the refusal of plaintiff to plead essential jurisdictional facts.

The second cause of action is for a penalty for failure to pay wages, and it is insufficient for the reasons stated with respect to the first cause of action. No facts are alleged from which the amount of the claimed penalty can be ascertained. The allegation of damage in the sum of $6,000 is not supported by allegation of facts that would entitle plaintiff to a recovery in excess of the amount of the statutory penalty. The most that plaintiff could recover as a penalty would be 30 days' wages at the rate of his earnings under his employment. To pretend or argue that the allegation of damage is sufficient to show a liability of either defendant for more than that amount would be trifling with the court. █ Where suit is brought for the amount of a statutory penalty the complaint is vulnerable to demurrer if it fails to allege facts showing a liability in a sufficient amount to give the court jurisdiction of the action.

█ In view of plaintiff's refusal or inability to allege facts that would entitle him to go to trial the court did not err in dismissing the action against Southern Pacific. (*Hendricks* v. *Osman*, 72 Cal.App.2d 465 [164 P.2d 545].)

The judgment in favor of Robinson was likewise proper. While a special demurrer should not be sustained without leave to amend when the complaint states the substance of a cause of action (*Olivera* v. *Grace,* 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]; *Wilk* v. *Vencill,* 30 Cal.2d 104 [180 P.2d 351]), no basis of recovery against Robinson has been alleged. There is no allegation that plaintiff contracted with Robinson, that Robinson had any duty to pay plaintiff's wages or was guilty of any wrong. He was merely an employee of Southern Pacific and is not personally liable for nonpayment of wages to a fellow employee. (Civ. Code, § 2343; *Oppenheimer* v. *General Cable Corp.,* 143 Cal.App.2d 293 [300 P.2d 151].)

The judgments are affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied May 7, 1957, and appellant's petition for a hearing by the Supreme Court was denied June 19, 1957.