818

[Civ. No. 22014. Second Dist., Div. Three. June 19, 1957.]

JOHN G. OPPENHEIMER, Appellant, v. R. MOEBIUS
et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

E. D. Yeomans and Walt A. Steiger, for Respondents.

SHINN, P. J.—The present action is against Pacific Electric Railway Company, R. Moebius, Jno. Suman, L. R. McIntire and Red Doe Wakefield to recover $35,000 statutory penalty wages and damages. Defendants demurred jointly to the amended complaint. The court sustained the demurrer with leave to amend, but the record does not disclose the

ground or grounds on which the demurrer was sustained. Plaintiff declined to amend further and judgment of dismissal was rendered and entered as a minute order. He appeals from the ''minute order and judgment.''

The material allegations of the amended complaint are the following: Each individual defendant was an officer, agent, servant and employee of Pacific Electric Railway Company, acting within the scope of his authority and with the full knowledge, consent and ratification of the company. Plaintiff was employed by Pacific Electric. On or about June 18, 1955, defendants discharged plaintiff from his employment with the company and wilfully and unlawfully failed to pay him any wages which were then due, owing and accrued, to plaintiff's damage in the sum of $35,000.

Defendants interposed a general and special demurrer; the special demurrer specified a number of respects in which the complaint was uncertain, ambiguous and unintelligible, viz., it did not allege the amount of wages plaintiff earned while in the company's employment nor the amount of wages due at the time of his discharge; it did not allege how or in what manner plaintiff was damaged in the amount claimed or at all.

Plaintiff states in his brief that the present action is one for a statutory penalty under sections 201, 203, 206, 208 and 219 of the Labor Code; it is not one for wrongful discharge in violation of a contract of employment.

In *Oppenheimer* v. *Robinson*, 150 Cal.App.2d 420 [309 P.2d 887], we held that a complaint in a statutory action for unpaid wages does not state a cause of action against the employer unless it alleges the amount of wages accrued and unpaid at the time the employment relationship terminated. We said (page 423): ''The mere allegation that plaintiff was damaged in the sum of $6,000 by reason of the failure to pay the wages earned is meaningless in the absence of any allegation as to the amount of wages due plaintiff. That allegation is an obvious attempt to claim a sum as damages that would give the superior court jurisdiction of the action, while suppressing facts that would determine whether the action was within the jurisdiction of the superior court. The court was not required to give any effect to the allegation of damage in the absence of the allegation of facts showing liability in damages, nor to proceed further in the action in the face of the refusal of plaintiff to plead essential jurisdictional facts.''

We also held that a count for a statutory penalty for

failure to pay wages does not state a cause of action unless it alleges facts from which the amount of the claimed penalty can be ascertained.

The complaint in the present action is insufficient to state a cause of action for a statutory penalty. No facts are alleged from which the amount of the claimed penalty can be computed. The most that plaintiff could recover as a penalty would be 30 days' wages at the rate of his earnings under his employment. (Lab. Code, § 203.) The allegation of $35,000 damages is not supported by the allegation of facts that would entitle plaintiff to a recovery in excess of the amount of the penalty.

In view of plaintiff's refusal or inability to allege facts that would entitle him to proceed to trial the court did not err in dismissing the action against Pacific Electric. (*Hendricks* v. *Osman,* 72 Cal.App.2d 465 [164 P.2d 545].)

The judgment in favor of the individual defendants was also proper. The complaint does not allege that plaintiff contracted with them, that they had any duty to plaintiff to pay his wages or that they were guilty of any wrong. They were simply employees of the company and are not personally liable for penalty wages to a fellow-employee. (Civ. Code, § 2343; *Oppenheimer* v. *General Cable Corp.,* 143 Cal.App. 2d 293 [300 P.2d 151]; *Oppenheimer* v. *Robinson, supra,* 150 Cal.App.2d 420.)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 13, 1957.