Filed 9/18/14  Rancho Palo Verde HOA v. Coffman CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| RANCHO PALO VERDE HOMEOWNERS ASSOCIATION,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>THOMAS COFFMAN et al.,<br><br>Defendants and Respondents. | D063135<br><br><br>(Super. Ct. No. 37-2011-00071658-CU-BC-EC) |

APPEAL from a judgment of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed as modified.

Hamilton & McInnis, Ben-Thomas Hamilton and Donald E. McInnis for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Tim J. VandenHeuvel, Brittany H. Bartold and Lann G. McIntyre for Defendants and Respondents.

INTRODUCTION

Rancho Palo Verde Homeowners Association (Rancho) sued Palo Verde Ranch Homeowners Association (Palo) and Thomas Coffman, Emil Zuccaro, and Valerie Royal (collectively, respondents). Respondents were members of Palo's board of directors and of a joint facilities committee (committee) Rancho and Palo created to manage shared recreation facilities, including a clubhouse. Rancho sought declaratory relief against Palo and respondents to resolve a dispute over whether there were permitting and compliance issues with the clubhouse and whether the cost of remedying the issues could be charged to the committee. Respondents demurred to Rancho's first amended complaint (complaint) on multiple grounds. The trial court sustained the demurrer without leave to amend, finding Rancho could assert its declaratory relief claim against Palo, but not respondents. The court subsequently dismissed respondents from the action and granted their motion for reciprocal contractual attorney fees.

Rancho appeals, contending the court erred in sustaining respondents' demurrer without leave to amend because respondents were properly subject to Rancho's declaratory relief claim. Rancho also contends the court erred in awarding respondents reciprocal contractual attorney fees because Rancho would not have been entitled to an award of contractual attorney fees had Rancho prevailed against respondents.

We conclude the attorney fees award was improper and modify the judgment to strike the award. In all other respects, we affirm the judgment.

2

Rancho's declaratory relief cause of action was based on the following general allegations: Rancho and Palo entered into a joint facilities agreement (agreement) giving Rancho an easement to use recreational facilities, including a clubhouse, on Palo's land. The agreement provided for the formation of the committee, consisting of two members of Rancho's board of directors and two members of Palo's board of directors, to control, manage, and oversee the facilities. Respondents were the Palo committee members.[1]

The agreement authorized the preparation of an annual operating budget. It also authorized the preparation of reserve studies to identify capital expenses to be paid through a joint reserve account owned by both Rancho and Palo.

In June 2011 a homeowner informed the committee the clubhouse "lacked certain permitting, County approval and/or was not in compliance with building codes and requirements with respect to its structural and electrical facilities . . . ." Rancho tendered the task of resolving the permitting and compliance issues to Palo because Palo built the clubhouse, it was on Palo's land, and Palo had sole responsibility for it under the terms of the easement and agreement.

The committee hired a contractor who determined there were issues with the clubhouse's final permit and certificate of occupancy. Palo terminated the contactor's

---

[1] Valerie Royal serves as an alternate for Palo.

services and hired a licensed architect to determine whether there were permitting and compliance issues with the clubhouse.

By September 2011 Zuccaro began stating there were no permitting and compliance issues with the clubhouse. Nonetheless, in October 2013, Palo received a reserve study for the year 2012 reserving $200,000 from the joint reserve account for clubhouse permitting and compliance issues. At a subsequent committee meeting the same month, Zuccaro again denied there were any permitting or compliance issues with the clubhouse. Meanwhile, Palo refused to turn over the results of the architect's investigation and Palo's counsel began claiming Rancho was responsible for any permitting and compliance issues.[2] In addition, the $200,000 for permitting and compliance issues remained in the reserve study and Palo indicated it intended to go forward with discussion and approval of the study.

Based on these general allegations, the declaratory relief cause of action alleged there was an actual controversy between Rancho and respondents as to whether there were permitting and compliance issues with the clubhouse and as to whether the cost of remedying any such issues could be charged to the committee via the reserve study. The cause of action sought a judicial determination of the dispute and an award of attorney fees under the attorney fees provision in the agreement.

---

[2]     The complaint does not allege why Palo's counsel held this view.

DISCUSSION

I

*Demurrer*

A

Respondents demurred to the first amended complaint, contending the declaratory relief cause of action failed to state a claim against them for multiple reasons. The court sustained the demurrer without leave to amend on the ground, "[Palo] is not entitled to declaratory relief against [respondents] under a contract to which [respondents] are not parties and are not individually alleged to have legal rights or duties." The court subsequently entered a judgment of dismissal in respondents' favor.

B

Rancho contends the court erred in sustaining the demurrer without leave to amend because the statute authorizing declaratory relief actions, Code of Civil Procedure section 1060, does not require respondents to be parties to the agreement to be subject to a declaratory relief claim. Rancho further contends respondents, as members of the committee, are interested parties under the agreement and are subject to suit under Code of Civil Procedure section 369.5. We are not persuaded by these contentions.

1

" ' "On appeal from an order of dismissal after an order sustaining a demurrer, our standard of review is de novo, i.e., we exercise our independent judgment about whether

5

the complaint states a cause of action as a matter of law." ' [Citation.] 'A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground.' [Citation.] In reviewing the complaint, 'we must assume the truth of all facts properly pleaded by the plaintiffs, as well as those that are judicially noticeable.' [Citation.]

"Further, '[i]f the court sustained the demurrer without leave to amend, as here, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment . . . . If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred . . . . The plaintiff has the burden of proving that an amendment would cure the defect.' [Citation.] '[S]uch a showing can be made for the first time to the reviewing court . . . .' " (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153-1154.)

## 2

"Any person interested . . . under a contract, or who desires a declaration of his or her rights or duties with respect to another, . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action . . . in the superior court for a declaration of his or her rights and duties . . . , including a determination of any question of construction or validity arising under the instrument or contract." (Code Civ. Proc., § 1060.) The court may decline to exercise its power to grant declaratory relief "in any case where its declaration or determination is not necessary or proper at the time under all the circumstances." (Code Civ. Proc., § 1061.) "Where facts

6

appear from the face of the complaint which would justify a trial court in concluding that its determination is not necessary or proper, . . . the court may sustain a general demurrer to the complaint for declaratory relief." (*Moss v. Moss* (1942) 20 Cal.2d 640, 642-643.)

Here, the facts appearing on the face of the complaint indicate Rancho and Palo are the only parties to the agreement. Respondents are neither parties nor signatories to it and, consequently, they have no rights and duties under it relative to Rancho. There are also no allegations they have asserted any rights or interest in the agreement antagonistic to Rancho's rights and interest. Accordingly, the court correctly determined the complaint did not allege an actual controversy between Rancho and respondents for which a judicial declaration is necessary and proper. (See *Oppenheimer v. General Cable Corp* (1956) 143 Cal.App.2d 293, 297 [Code Civ. Proc., § 1060 does not entitle a plaintiff to maintain an action against individual defendants for a declaration of rights under a contract to which the individual defendants are not parties and under which they are not alleged to have any legal rights or duties].)

Rancho's reliance on Code of Civil Procedure section 369.5, subdivision (b), to support a contrary conclusion is misplaced. As Rancho points out, this code section permits the joinder of a member of an unincorporated association as a party in action against the unincorporated association.[3] However, the purpose of such joinder is to allow

---

[3]     Code of Civil Procedure section 369.5, subdivision (b), provides: "A member of the partnership or other unincorporated association may be joined as a party in an action against the unincorporated association. If service of process is made on the member as an individual, whether or not the member is also served as a person upon whom service is made on behalf of the unincorporated association, a judgment against the member based on

for a judgment against both the members and the association, *when the members have bound themselves individually to whatever association obligations the action is seeking to enforce*. (7 Cal.Jur.3d, Associations and Clubs, § 57, ["The action contemplated by this provision is against the associates, as such, to enforce a claim against the association. It is not an action against the individual members unless they are, as individuals, made parties. It is proper to proceed against both the association and its members, and that is the proper procedure when the members have bound themselves as individuals as well as associates to the liability sought to be enforced."], fns. omitted; *Orser v. George* (1967) 252 Cal.App.2d 660, 670 [statute is procedural, not substantive; it simplifies the means of obtaining and enforcing judgments against an association and its members where liability already exists, but does not create any new liability].) Because respondents are not parties to the agreement and there are no allegations they have otherwise bound themselves individually to it, this code section did not preclude the court from finding a declaratory relief action against them was not necessary or proper.

As Rancho has not demonstrated it can amend its complaint to cure the identified pleading defects, the court correctly sustained respondent's demurrer without leave to amend. Given our conclusion, we need not address the parties' other arguments as to why the court did or did not err in its ruling.

---

the member's personal liability may be obtained in the action, whether the liability is joint, joint and several, or several."

8

## II

### *Attorney fees*

### A

After the court entered the judgment of dismissal in their favor, respondents moved for an award of reciprocal contractual attorney fees based on an attorney fees clause contained in the agreement. The clause provided, "In the event of a dispute between the parties, relating to the interpretation of or enforcement of this Agreement, such dispute shall be submitted to and resolved by binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The prevailing party in such dispute shall be entitled to receive attorney fees and related expenses and costs incurred as a result of the arbitration process as may be allowed in the award by the arbitrator." The court granted respondents' motion and awarded them $20,000 in attorney fees.

### B

Rancho contends the court erred in awarding respondents attorney fees because the attorney fees clause in the agreement only provided for an attorney fees award in the context of an arbitration proceeding. As the parties have not arbitrated their dispute, Rancho contends the agreement's attorney fees provision did not provide a legal basis for the court to award respondents attorney fees. We agree.

9

"California follows the 'American rule,' under which each party to a lawsuit must pay its own attorney fees unless a contract or statute or other law authorizes a fee award. [Citations.] [¶] [Civil Code section] 1717 governs attorney fees awards authorized by contract and incurred in litigating claims sounding in contract. [Citations.] Under that statute, when a contract provides for an award of fees 'incurred to enforce that contract,' 'the party prevailing on the contract . . . shall be entitled to reasonable attorney fees . . . .' [Citation.] 'The primary purpose of [Civil Code] section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions.' [Citation.] Thus, 'when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, [Civil Code] section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed.' " (*Eden Township Healthcare District v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 425, italics omitted.)

The California Supreme Court has interpreted Civil Code section 1717 "to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney fees should he prevail in enforcing the contractual obligation against defendant." (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 128.) Accordingly, whether respondents, as nonsignatories to the agreement, may recover attorney fees from Rancho turns on whether Rancho would have clearly been able to recover attorney fees from respondents had Rancho prevailed against respondents.

10

This determination is not difficult in this case. The agreement's attorney fees clause permits an arbitrator to award the prevailing party attorney's fee incurred by the party as the result of an arbitration proceeding. There is no language in the clause permitting a court to award a prevailing party attorney fees incurred in a court proceeding, nor is there any language in the clause permitting a court to apply the clause to a court proceeding if the parties opt not to pursue arbitration. Consequently, Rancho would not clearly have been able to recover attorney fees against respondents had it prevailed and, by necessary implication, the court had no basis to award respondents attorney fees against Rancho.[4]

DISPOSITION

The judgment is modified to strike the award of attorney fees to respondents. In all other respects, the judgment is affirmed. The parties are to bear their own appeal costs.

McCONNELL, P. J.

WE CONCUR:

HUFFMAN, J.

NARES, J.

---

[4]    Given the bases for our resolution of this appeal, we deny the parties' respective requests for judicial notice as moot. (See, e.g., *Taylor v. Elliott Turbomachinery Co., Inc.* (2009) 171 Cal.App.4th 564, 573, fn. 5; *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1062-1063.)