[Civ. No. 12274. Second Dist., Div. One.—April 7, 1941.]

IRMA A. CRAIG, Appellant, v. CITY OF LOS ANGELES et al., Respondents.

A. D. Ericksen for Appellant.

Ray L. Chesebro, City Attorney, Frederick von Schrader, Assistant City Attorney, and Herbert L. Iasigi and Bourke Jones, Deputies City Attorney, for Respondents.

YORK, P. J.—This appeal is prosecuted from "all decrees, orders and the judgment of dismissal rendered against plaintiff and for defendants" in an action for damages for conspiracy to defraud.

In order to state the contentions of appellant, it will be necessary to quote *verbatim* her so-called "statement of questions involved", because of the involved and confused manner in which such contentions are stated in her brief, to wit:

"(a) The trial court erred in refusing to overrule the 'Joint General Demurrer' by all defendants.

"(b) The trial court erred by denying plaintiff's certified cross-motion for the same final judgment demanded by defendants' uncertified joint general demurrer against plaintiff's verified complaint as this High Court ruled that 'Plaintiff has a right to judgment . . . when defendant files an unverified answer to his verified complaint.' (21 Cal. Jur. 237.) 'No credit is given to unsworn answers—*In judicio non creditur nisi juratis*. . . . ' (Code of Civil Procedure, secs. 446, 1962.)

"(c) The trial court erred by vacating the default judgment against defendant Beardsley, or any other defendant, all of whom were served personally, in their individual capacity, and charged with a continuing conspiracy which estops the statute of limitations ever starting to run as proved by their fear to answer and deny the charges under oath, which forced them to default.

"(d) The trial court erred by dismissing this cause against any defendant, all of whom were personally served in their individual capacity and refused to answer under oath as required by law. (Code of Civil Procedure 446, etc.)"

 Although the case of *Woodard* v. *State Bar*, 16 Cal. (2d) 755 [108 Pac. (2d) 407], decided by the Supreme Court on December 20, 1940, is, of course, not *res judicata*, nevertheless, the law as declared therein has the same force and effect as a ruling by that court in any other case, and this court is bound by the law as therein stated. A full state-

ment of the procedure followed by the original attorney for the plaintiff herein is set forth in the said decision and it is not necessary to here repeat the facts there stated, for the reason that we adopt as our own the statements made therein with reference to this case. The attorney now appearing before this court on behalf of appellant is not the original attorney who filed the complaint and perfected the instant appeal, but is one A. D. Ericksen, who was substituted at the request of the appellant on February 21, 1941, pursuant to the procedure outlined by section 286 of the Code of Civil Procedure.

The only question before this court can be determined by answering (a) of the "Statement of questions involved", hereinbefore set forth in full. The complaint filed herein is most unusual in form, and it is at once apparent that it is subject to the demurrer of respondents on the ground that it does not comply with subdivision 5, section 430 of the Code of Civil Procedure. It is also subject to demurrer on the grounds of uncertainty and unintelligibility, as it attempts to state numerous causes of action in a very loose and rambling manner without any attempt at separately stating them.

The only allegation with regard to the falsity of any of the statements alleged to have been made by any of the respondents is contained in paragraph VII of the complaint, where it is alleged in respect to a certain letter, not set out but therein referred to, that "all of the subject matter of which letter, derogatory to Plaintiff, was false, fraudulent and a part of a collusion and secret understanding between these defendants to deprive Plaintiff of her position and the benefits derived therefrom." The complaint contains no definite specification as to the particular statement therein alleged to be false, and the allegation in said paragraph VII is the only allegation of falsity we can find in the complaint, unless we assume that that is what is meant by allegations charging the assignment to appellant of mistakes made by other employees. However, there is no direct allegation that appellant did not participate in the very proceedings which it is charged were improper.

The complaint is framed in such a disjointed and incoherent manner that the only course open to respondents was that of interposing a demurrer raising the questions of misjoinder of causes of action, uncertainty, ambiguity and unintelligibility.

■ The court having sustained such demurrer and appellant having failed to amend her complaint within the time fixed by the court, but instead of doing so having filed what is denominated a judgment signed by the original attorney for appellant, the court's action in entering a judgment of dismissal will necessarily have to be sustained.

Paragraph (b) of the statement of question involved is disposed of by the law as stated in the case of *Woodard* v. *State Bar, supra.*

■ Paragraph (c) of said statement is impossible of interpretation, except that it is an attempted objection to the vacation of a default judgment entered against the respondent Beardsley. The action of said respondent in moving to set aside the so-called judgment was apparently deemed necessary because of an attempted execution against his salary issued upon the said void judgment.

Paragraph (d) of said statement of questions involved is a most peculiar statement by which appellant apparently claims that a demurrer is always improperly interposed to a verified complaint, and that in all cases an answer under oath is required by law to be filed. Further, that the filing of a demurrer by respondents would not constitute an appearance. If that is the contention of appellant, it is answered by the case of *Woodard* v. *State Bar, supra.*

The attempted appeal from the unspecified decrees and orders of the trial court is dismissed. The judgment of dismissal is affirmed.

Doran, J., and White, J., concurred.