[Civ. No. 7172. Third Dist. Jan. 3, 1946.]

C. L. HENDRICKS, Appellant, v. AUGUSTA OSMAN, as Executrix etc., Respondent.

J. A. Ratchford and Charles Kasch for Appellant.

Hale McCowen for Respondent.

PEEK, J.—This is an appeal from a judgment of dismissal entered after plaintiff declined to amend his complaint following the order of the trial court sustaining defendants' general and special demurrer thereto.

By his complaint plaintiff alleges that he is the nephew of Stella Traub, deceased; that by her will she devised certain

real property to her husband, Herman Traub, which will provided in part (and it is to be noted that this is the only portion of the will set out in the pleading): "It is not my intention hereby to restrict my husband in any way concerning said ranch, but he shall have the right to sell, dispose of, or encumber the same, but if the title thereto is still vested in him at the time of his death, it shall go to my said nephew," plaintiff and appellant herein; that Herman Traub, by the terms of said will was named executor of her estate; that in 1931 Stella Traub died, and thereafter her estate was administered by Herman Traub as executor; that he falsely and fraudulently alleged that he was the sole devisee under said will; that he gave no notice to plaintiff of the terms of the will or the death of Stella Traub or the pendency of the probate proceedings; that a decree of distribution was entered in said proceedings distributing the said real property absolutely to Herman Traub without mention of any interest plaintiff might have therein; that on August 14, 1944, Herman Traub died; that his estate is being administered by respondent Augusta Osman, the duly appointed and qualified executrix thereof; that at the time of the death of Herman Traub title to the ranch was still vested in him; and finally, that "defendants Reno Buchignani and Annie Buchignani claim some interest in said real property by reason of a purported contract of purchase and sale, and plaintiff herein alleges that said contract constitutes a cloud upon the real property, but that if the said claim be valid it be recognized and established by decree of Court." The complaint concludes with a prayer that defendants be adjudged to be holding the property in trust for plaintiff, that the trust be declared to be terminated, and that the rights of the Buchignanis be adjudged and determined by the court.

To this complaint defendants demurred charging that it failed to state facts sufficient to constitute a cause of action and that it was uncertain and unintelligible in certain alleged particulars. The trial court sustained the demurrer with leave to plaintiff to amend within ten days. Plaintiff elected to stand upon his complaint rather than amend, and judgment of dismissal was entered.

It is clearly the law that one who declines to avail himself of leave to amend his complaint after a demurrer thereto has been sustained, which demurrer is both general and special, thereby must stand upon his pleading as against both grounds of demurrer, and if the complaint is objection-

able on any ground the judgment of dismissal must be affirmed. (*California Trust Co.* v. *Cohn,* 214 Cal. 619, 623 [7 P.2d 297]; *Aalwyn* v. *Cobe,* 168 Cal. 165, 173 [142 P. 79]; *Craig* v. *City of Los Angeles,* 44 Cal.App.2d 71, 73-74 [111 P.2d 977]; *Robinson* v. *Godfrey,* 78 Cal.App. 284, 288 [248 P. 268].)

We are of the opinion that the demurrer was properly sustained on the ground that the allegations of appellant's complaint as to the nature or state of the title in Herman Traub at the time of his death are insufficient to apprise defendants of the claim they must meet. Plaintiff's entire case appears to rest on a showing that Herman Traub did not dispose of or sell said ranch during his lifetime. Yet plaintiff alleges a contract of sale, which for all that appears was at least partially executed. If said contract was made by Herman Traub during his lifetime and not by his executrix, as we may assume it was, and if it was valid and enforceable, the contingency specified in the will of Stella Traub never came to pass, and appellant acquired no interest in the property in question. If such a contract was made by Herman Traub before his death, then his successor would have nothing more than a bare legal title which he would be required to convey upon the completion of the contract, and a vendor's lien which he would have to exercise for the benefit of Herman Traub's estate. (*Estate of Reid,* 26 Cal.App.2d 362, 366-367 [79 P. 2d 451].)

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 25, 1946.