[Civ. No. 17969.  Second Dist., Div. Three.  May 9, 1951.]

EUGENE F. EVARTS et al., Appellants, v. C. J. JONES, Respondent.

R. C. W. Friday for Appellants.

John G. Clock for Respondent.

BARTLETT, J. pro tem.—This is an appeal from a judgment of dismissal after the sustaining of a demurrer to an amended complaint with leave to amend, but no amendment filed.

The amended complaint was filed by appellants on September 27, 1948.  The demurrer of respondent was filed on

October 28, 1948, but was not heard until June 27, 1949, at which time the demurrer was sustained and appellants were granted 10 days within which to amend their complaint. Appellants not having filed any amendment to their pleading, on February 27, 1950, a hearing, at which both appellants and respondent were represented, was had on a motion of respondent for a dismissal of the action. This motion was granted.

Respondent demurred generally and upon the ground that the amended complaint was ambiguous, unintelligible and uncertain and also that there was a misjoinder of causes of action. ■ Appellants having been given leave to amend and having declined to avail themselves of the opportunity, if any of the grounds of the demurrer were good, the judgment of dismissal must be affirmed. (*Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750 [195 P.2d 492] ; *Hendricks* v. *Osman*, 72 Cal. App.2d 465 [164 P.2d 545].)

■ The amended complaint purports to be one for specific performance. It is long, it states what was told to plaintiffs not only by defendant but by a third person, it attaches as exhibits letters from a bank, it contains much lengthy argument, it sets forth quotations from textbooks, code sections and court decisions, but it does not state a cause of action. The pleading sets forth a deposit receipt agreement dated February 17, 1944, which by its terms provides that an agreement for sale and purchase of real estate should thereafter be executed and if not so executed that the $50 paid should be held by the seller as liquidated damages. This memorandum agreement of February 17, 1944, was superseded on August 1, 1944, by the execution of the agreement for purchase and sale of real estate referred to in the agreement of February 17th. However, the agreement that appellants ask be specifically enforced is not this latter one, but the one of February 17, 1944. There is no allegation in the amended complaint that this agreement of February 17, 1944, the one which they seek specifically to enforce, was based upon an adequate consideration or that as to the defendant it was fair and reasonable. Appellants allege: ''That, the Plaintiffs have done and have offered to do all necessary acts required of them by said agreements,'' but in later allegations negative this by showing instances in which they did not perform. If in this record they are attempting to allege prevention of performance by acts of the respondent, the complaint is most uncertain as to what these acts were. Escrow instructions are set up as

an exhibit. Apparently one appellant signed these instructions but not the other. It is uncertain in this respect and it is impossible to determine from the complaint whether the respondent ever signed these instructions at all. The uncertainties in the amended complaint are too numerous to enumerate here. The entire document is thoroughly unintelligible. In fact it is that type of pleading which the court so aptly described in *Craig* v. *City of Los Angeles*, 44 Cal.App. 2d 71 at page 73 [111 P.2d 977] : ''The complaint is framed in such a disjointed and incoherent manner that the only course open to respondents was that of interposing a demurrer raising the questions of misjoinder of causes of action, uncertainty, ambiguity and unintelligibility.''

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.