[Civ. No. 23325. Second Dist., Div. Three. May 6, 1959.]

EUGENE F. EVARTS et al., Appellants, v. C. J. JONES et al., Respondents.

Elon G. Galusha for Appellants.

Ball, Hunt & Hart and William W. Dennin for Respondents.

WOOD (Parker), J.—Plaintiffs appeal from: (1) an order sustaining demurrer to amended complaint without leave to amend; (2) judgment in favor of defendants entered pursuant to order sustaining demurrer; and (3) order refusing to set motion for new trial for hearing.

There are three purported causes of action in the amended complaint. The allegations of the first cause of action are, in substance, as follows: On February 17, 1944, plaintiffs and defendant entered into a written agreement whereby plaintiffs agreed to purchase certain real property (specifically described therein) from defendants. (A copy of the agreement, signed by the parties, was set forth therein. Among other things, the agreement stated that $50 was received from plaintiffs as a deposit on the purchase price of $4,500, that the property was subject to a F.H.A. trust deed securing a loan of $3,550, and

that plaintiffs would execute an agreement for the purchase of the property providing for a down payment of $300 and certain monthly payments.) The effect of that agreement was not discussed by any court in any of the prior proceedings. The plaintiffs complied with all the conditions of the agreement to be performed by them. On August 1, 1944, plaintiffs entered into possession and paid an additional $250 of the purchase price. They complied with the conditional sales contract of August 1, 1944, which purported to be an amplification of the February agreement. A copy of that agreement is attached to the amended complaint. Plaintiffs tendered to defendants the full amount payable under the terms indicated, and defendants refused the tender. About June, 1948, defendants said they would not accept any more money from plaintiffs. At the request of defendants, plaintiffs placed the contract of August 1, 1944, in an escrow with instructions that plaintiffs were tendering $4,700 for balance due for a deed. Defendants refused to place a deed in escrow. The tender was refused even though defendants received approximately $2,800 before refusing further payments in June, 1948. A dispute arose between the parties as to the amount of interest to be paid on the F.H.A. loan. Defendants claimed 6-6/10 per cent interest. Plaintiffs contended that 4½ per cent was the rate. In September, 1944, plaintiffs brought an action against defendants for declaration of rights. Demurrer of defendants was sustained. Before plaintiffs' appeal was determined, defendants filed a quiet title action. After service upon Mrs. Evarts, her attorney (Mr. Friday) demurred on the ground that the court had no jurisdiction because jurisdiction was in the appellate court on the appeal. Demurrer was overruled, and an answer of Mrs. Evarts was filed. After service of complaint on Mr. Evarts, the said attorney neglected to answer for him, and Mr. Evarts was not advised until after expiration of six months that the attorney had not filed the answer. The default of Mr. Evarts had been entered. Several motions by Mr. Evarts to set aside his default were denied. At the trial of the quiet title action, Mrs. Evarts made a motion for a continuance in order to obtain counsel. The motion was denied, and she had to try the case herself. The court denied her motion for an order for subpoena duces tecum regarding defendants' agreements with the government in connection with F.H.A. matters. The denials of those motions were denials of due process of law. Plaintiffs' evidence has never been refuted, and there was no foundation for the judgment. Evi-

dence introduced by her was offered to show that F.H.A. records required to be kept by defendants had been intentionally destroyed, and to show that the rate of interest was 4½ per cent. Mrs. Evarts appealed from the quiet title judgment, and Mr. Evarts appealed from the denial of his motion to set aside his default. The appellate court joined the two appeals and thereby violated plaintiffs' right to due process of law. The reporter's transcript was not reviewed by the appellate court, because the transcript did not arrive in time to be used, and that was a denial of the right to due process. The affirmance of the void judgment left the judgment as it was before the appeal was taken. The Supreme Court refused to consider the reporter's transcript, which was before it on petition for hearing, because the transcript had not been before the appellate court. That refusal was a denial of due process of law. About April 15, 1952, plaintiffs were evicted from their home, under a writ of possession, and plaintiffs' personal things and household furnishings have never been returned to their possession. A motion to recall the remittitur was on the calendar for April 27, 1953, but the motion was heard in March, and such hearing was a further denial of due process. There was no determination on the merits in any state or federal court regarding the rights conveyed under the contract of February 17, 1944. The affirmance of the decision of the circuit court by the Supreme Court simply opens the jurisdiction of the state court to hear the whole matter on its merits and to permit the plaintiffs to redeem from said sale; and this action in equity is brought for that purpose. The decision in *Evry* v. *Tremble,* 154 Cal.App. 2d 444 [316 P.2d 49], has been decided since that time and the rulings therein are applicable because there has been no decision on the agreement of February 17, 1944. Plaintiffs contend that that contract carries the title to plaintiffs and they were never divested of the title. The foregoing mistakes of the courts demonstrate that plaintiffs have been deprived of due process of law in violation of the state and federal Constitutions and the law in vogue in England when the United States Constitution was adopted.

The allegations of the second cause of action are, in substance, as follows: Plaintiffs replead the allegations of the first cause of action. The refusal of defendants to issue a deed to plaintiffs and sign necessary papers in escrow was an attempt to seek unjust enrichment of $7,500, and to seize title to plaintiffs' property after defendants had received full

payment of their equity in the property, and after full tender was offered. That constitutes unjust enrichment, which defendants are not entitled to under equity, or under price control agencies created to prevent profiteering. The acts of defendants are in violation of due process of law, and defendants are holding the title of the property in trust for plaintiffs.

The allegations of the third cause of action are, in substance, as follows: Plaintiffs replead the allegations of the first and second causes of action. Defendants obtained an order of court to oust plaintiffs and family from their property. Defendants, "for removing plaintiffs' personal property and not returning it," caused anxiety and irreparable psychological damage to minor children, and disrupted plaintiffs' business which was operated from the home.

The prayer of the amended complaint was that the court set aside, "as Void," the declaratory relief judgment, the quiet title judgment, and the order of the appellate court refusing to recall the remittitur; that the court declare all orders against plaintiffs null and void, restore possession of the property to plaintiffs, and award damages for loss of personal property, for loss of use of personal property, for psychological injury to children, and for damages to plaintiffs' business.

It appears from the amended complaint that the former actions referred to therein (declaratory relief and quiet title) pertained to the same real property transaction that is involved herein. In those actions, the decisions of the trial court were adverse to the plaintiffs herein, and those decisions were affirmed on appeal. (*Evarts* v. *Jones*, 104 Cal.App.2d 109 [231 P.2d 74]; *Jones* v. *Evarts*, 114 Cal.App.2d 496 [250 P.2d 671].) In the present action, it seems that plaintiffs are seeking a review of rulings in the former trials and a readjudication of the controversy regarding the same real property transaction.

As the basis for setting aside the judgment in the declaratory relief action, plaintiffs allege in the amended complaint herein that the declaratory relief action was commenced, and that defendants' demurrer thereto was sustained. Such an allegation is of no significance. The ruling sustaining the demurrer was affirmed on appeal.

As the basis for setting aside the judgment in the quiet title action, plaintiffs allege in the amended complaint, as above shown, that: Their evidence in that action was not refuted and there was no foundation for the judgment. That the trial court erred in denying motions for a continuance, for issuance

of a subpoena duces tecum, and for order setting aside a default. There was no determination on the merits regarding plaintiffs' rights under the contract of February 17, 1944 (the preliminary contract, or receipt for deposit, which recited that another contract would be made). The District Court of Appeal (in the quiet title action) erred in joining the appeals of Mr. and Mrs. Evarts, and erred in not reviewing a reporter's transcript, which transcript (as alleged in the amended complaint) did not arrive in that court in time to be used. The Supreme Court, in considering the petition for a hearing, erred in not considering the reporter's transcript, which transcript (as alleged in the amended complaint) had not been before the District Court of Appeal. A motion to recall remittitur was on the April calendar, but the motion was heard in March. By reason of such errors, the plaintiffs herein were denied due process of law, and the former judgments are void. "This action in equity" is brought for the purpose of obtaining a hearing of the whole matter on its merits.

The above-mentioned allegations to the effect that the evidence in the quiet title action was insufficient, and that the court erred in denying certain motions therein, relate to matters that were reviewed on appeal and determined adversely to the plaintiffs.

█ With reference to the allegations that there was no determination in the quiet title action regarding the contract of February 17, 1944, it is to be noted that the amended complaint herein shows that that contract or receipt stated that $50 was received as a deposit on the purchase price, and that contract expressly provided that plaintiffs would execute an agreement for the purchase of the property. The amended complaint also shows that an agreement for the purchase of the property was executed on August 1, 1944, and that said agreement of August 1 was a subject of the prior litigation. It is also to be noted that the amended complaint states that the effect of the February agreement was not discussed in any of the prior proceedings. That agreement was discussed in *Evarts* v. *Jones*, 104 Cal.App.2d 109 [231 P.2d 74], which was one of the former appeals involving these same parties and the same transaction. In that case it was said, at page 110: "There is no allegation in the amended complaint that the agreement of February 17, 1944, the one which they seek specifically to enforce, was based upon an adequate consideration . . . ." This court may take judicial notice of the records of this court in that case. (See *Hammell* v. *Britton*, 19 Cal.2d 72, 75

[119 P.2d 333].) It is apparent that the provisions of the February agreement or receipt were embodied in the later agreement of August 1, 1944, and that both agreements were considered in the former actions.

■ The allegations with reference to alleged errors on appeal pertained to appellate procedure. The two appeals which were joined were the appeals of Mr. and Mrs. Evarts in the quiet title action. It is obvious that no substantial right of plaintiffs was prejudiced by such joinder. ■ As to the allegation that the reporter's transcript was not reviewed, the amended complaint shows that such transcript had not been filed. In *Jones* v. *Evarts*, 114 Cal.App.2d 496 [250 P.2d 671], wherein the consolidated appeals in the quiet title action were considered, it was said at page 499: "[T]he record on appeal is incomplete. It contains neither a copy of the complaint nor of the demurrer directed thereto. . . . There is no reporter's transcript of the evidence presented at the trial, and in the absence thereof, it must be assumed that such evidence was sufficient to support the findings of fact." It was also said therein (p. 499) that an appellate court will not consider statements in briefs which are made up of matters outside the record. Of course, there was no responsibility on the part of the reviewing court to require the filing of a reporter's transcript. ■ With reference to the motion to recall the remittitur, it is obvious that no substantial right of plaintiffs was prejudiced ·by hearing the motion in March instead of hearing it in April.

■ "[T]here must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversy." (*Pico* v. *Cohn*, 91 Cal. 129, 133 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].) The amended complaint does not show that the jurisdiction of the court was imposed upon or that the defendants, by fraud or otherwise, prevented a fair submission of the controversy.

It does not appear from the amended complaint that plaintiffs were denied due process of law, or that the declaratory relief judgment or the quiet title judgment was void.

The purported first cause of action does not allege facts sufficient to constitute a cause of action.

The second cause of action included the allegations of the first cause of action; and it also included additional allegations that the refusal of defendants to issue a deed and to sign escrow papers was an attempt to seek unjust enrichment of $7,500 and to seize title to plaintiffs' property after full payment of defendants' equity and full tender of payment; and "in so doing constitutes" unjust enrichment. The matter of alleged unjust enrichment is of no significance unless a cause of action for setting aside the former judgments is alleged. The statements hereinabove made regarding the first cause of action are applicable to this second cause of action, since the first cause of action is repleaded herein. Since the first cause of action does not allege a cause of action for setting aside those judgments, sufficient facts to state a cause of action are not alleged in this purported second cause of action.

The purported third cause of action was for damages for loss of personal property, for loss of use of that property, for "psychological damage" to children, and for damage to business. Defendants demurred thereto on the grounds that no cause of action was stated, and that the purported cause of action was barred by the statute of limitations. There is no direct allegation that defendants or either of them caused loss of personal property or any damage. The allegation is "for removing plaintiffs personal property and not returning it to them, has caused anxiety and . . . damage to minor children; and disrupted plaintiffs Business . . . ." Apparently the alleged loss of personal property occurred about April 15, 1952, when plaintiffs were evicted by virtue of a writ of possession. The complaint was filed on June 18, 1956. The period prescribed for the commencement of an action for taking or detaining chattels is three years. (Code Civ. Proc., § 335, and § 338, subd. 3.) The purported third cause of action was barred by the statute of limitations.

It does not appear that the appellants could have amended the amended complaint so that it would state a cause of action. They have not indicated that they could have made such an amendment. They have not discussed the matter of making an amendment. After a general demurrer to the complaint was sustained, appellants were permitted

to amend. The court did not abuse its discretion in not allowing a further amendment.

 Appellants contend that the court erred in refusing to set their motion for a new trial for hearing. The judgment was entered March 10, 1958. On March 20, 1958, appellants filed a notice of intention to move for a new trial. The court refused to set the motion for hearing on the ground that such a motion does not lie where a judgment of dismissal has been entered after sustaining a demurrer without leave to amend. A motion for a new trial is proper under such circumstances. (*Carney* v. *Simmonds*, 49 Cal.2d 84, 91 [315 P.2d 305].) The court should have set the motion for hearing and should have heard the motion. Even though the court did not set the motion for hearing, the motion was denied by operation of law 60 days after the filing of the notice of intention to move for a new trial. (See Code Civ. Proc., § 660.) A denial of such a motion by operation of law is reviewable on the appeal from the judgment. (*Free* v. *Furr*, 140 Cal.App.2d 378, 386 [295 P.2d 134].) In the Free case, just referred to, when plaintiff's motion for a new trial came on for hearing, defendants objected to the hearing of the motion on the ground that the time for ruling on it had expired. The objection to the hearing was sustained. On appeal therein it was held that the ruling was erroneous and, that since the 60-day period within which the motion must be determined or be deemed denied ran from the date of filing the notice of intention to move for a new trial, the court should have decided the motion on its merits. In that case the reviewing court, after indicating that the motion had been denied by operation of law, said (p. 386) : "There is nothing which this court can now do to reinstate or revive the motion in the court below." In *Clay* v. *Lagiss*, 143 Cal.App. 2d 441 [299 P.2d 1025], the trial court made an order striking, from the files, defendant's notice of motion for a new trial. Apparently the order was made on the ground that defendant had failed to file a memorandum of points and authorities in support of the motion. In that case, the defendant argued that the failure to file a memorandum did not authorize striking the notice from the files. The court therein said (p. 451) : "That may well be but, as defendant concedes, the time within which the court had jurisdiction to determine the motion for a new trial has long since expired and the effect thereof is 'a denial of the motion without further order of the court' . . . ." Upon that appeal, the court considered

the points which defendant desired to present to the trial court on the motion for a new trial. In the present case, the time within which the trial court had jurisdiction to determine the motion for a new trial has long since expired, and there is nothing this court can do to reinstate the motion in the trial court. This court, however, on the appeal from the judgment, has reviewed the denial (by operation of law) of the motion for a new trial. The record on appeal herein includes the memorandum of points and authorities which was attached to appellants' notice of intention to move for a new trial. Those points and authorities are also included in appellants' briefs on appeal from the judgment. The principal question that would have been presented to the trial court on the motion for a new trial was, of course, the principal question that is presented on this appeal, namely, whether the amended complaint states a cause of action. In view of the conclusion herein that a cause of action was not stated, the failure to set the motion for a new trial for hearing was not reversible error.

The notice of appeal herein states that the plaintiffs appeal from the order sustaining demurrer without leave to amend. Such an order is not appealable. (*Lavine* v. *Jessup*, 48 Cal.2d 611, 614 [311 P.2d 8].) The notice of appeal also states that plaintiffs appeal from the order refusing to set "Notice for Intention to Move for a New Trial." Such an order is not appealable. It is reviewable on appeal from the judgment. (See Code Civ. Proc., § 956.)

The appeals from order sustaining demurrer without leave to amend and from order refusing to set motion for a new trial for hearing are dismissed. The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 22, 1959, and appellants' petition for a hearing by the Supreme Court was denied July 1, 1959.