[Civ. No. 24602.    Second Dist., Div. Three.    Feb. 9, 1961.]

ELIZABETH M. SCALES, Respondent, v. FEDERAL ESCROW SERVICE, INC., et al., Defendants; LeROY G. BLACK et al., Appellants.

Danning & Bartfield for Appellants.

Harold S. Goldsmith and William S. Stack for Respondent.

BISHOP, J. pro tem.*—■ In view of the authorities we are to cite, we can take no other action than to dismiss the appeal of defendants and cross-complainants LeRoy G. Black and Capitola N. Black from these three orders: (1) the minute order of October 27, 1959, dismissing their motion for a new trial, filed September 24, 1959; (2) the minute order of October 27, 1959, denying their motion to amend the motion for a new trial already mentioned; and (3) the minute order of December 1, 1959, dismissing their motion for a new trial, filed October 30, 1959.

Chronologically, of course, all the orders appealed from were made after the judgment which was entered August 5, 1959, and so may be said to be within the letter of subsection 2 of section 963, Code of Civil Procedure, authorizing an appeal from ''any special order made after final judgment.'' It has been held, over and over, however, that an order denying a new trial—necessarily made after a judgment—is not appealable. (See West's Cal. Dig., Appeal and Error, § 110.)

*Assigned by Chairman of Judicial Council.

On an appeal from a judgment the court may "review any order on motion for a new trial." (Code Civ. Proc., § 956.) So we find that appeals have been dismissed from these orders because held to be nonappealable; an order dismissing a motion for a new trial (*Hughes* v. *DeMund* (1924), 70 Cal.App. 265, 267 [233 P. 93, 94]) ; an order sustaining defendant's objection to the hearing of plaintiff's motion for a new trial (*McDowell* v. *Perry* (1935), 9 Cal.App.2d 555, 566-567 [51 P.2d 117, 123-124]) ; an order striking out the affidavits of jurors on motion for new trial (*Pollind* v. *Polich* (1947), 78 Cal.App.2d 87, 93 [177 P.2d 63, 66]) ; an order setting aside judgment in order to permit defendant to file a motion for a new trial (*Swan* v. *Riverbank Canning Co.* (1947), 81 Cal.App.2d 555, 557-558 [184 P.2d 686, 687-688]) ; an order denying motion to dismiss motion for new trial (*Kroiss* v. *Butler* (1954), 129 Cal.App.2d 550, 558 [277 P.2d 873, 878]) ; an order refusing to set notice of intention to move for a new trial (*Evarts* v. *Jones* (1959), 170 Cal.App.2d 197, 207 [338 P.2d 627, 633]) ; and an order denying a motion to strike an affidavit filed in support of a motion for a new trial (*Frost* v. *Southern Pacific Co.* (1960), 177 Cal.App.2d 40, 43 [1 Cal.Rptr. 824]).

To these cases we add another. None of the orders from which the defendants and cross-defendants have attempted to appeal is appealable. The appeal is dismissed as to all orders.

Shinn, P. J., and Ford, J., concurred.