ANDREWS, Judge.
Summary final judgments were granted' the defendants Muriel A. Weir and Federal' Roofing and Siding, Inc. and Dewey Howard, Sr. in two separate actions brought by the plaintiff Alex K. Easton, doing business as George Easton Furniture Company, in' the Circuit Court of Pinellas County in that the cause was barred by the three-year stat- ■ ute of limitations, § 95.11(5) (c), F.S.A.. The cases were consolidated in this court at. the request of the parties.
The complaints filed May 5, 1962 allege that the defendant Weir rented a warehouse to the plaintiff Easton for the storage of furniture. On June 14, 1958 defendant: Weir entered into a contract with defendant Federal Roofing to repair the roof of. the subject warehouse. The work was. started June 17, 1958 and completed on; July 5, 1958. The complaint then charges. that the defendant Federal Roofing negligently and carelessly permitted rotten lumber, dirt, debris and rain water to fall upon the plaintiff’s stock of furniture and furnishings,- thereby causing damage.
The plaintiff contends that there are two separate causes of action, one for damages-to the "Goods or Chattels,” which is clearly barred by the three-year statute of limitations, § 95.11(5) (c), F.S.A.; and the other for damages for the interruption of the ■ business and, therefore, is an injury not specifically provided for, which would make the limitation period four years under the - provisions of § 95.11(4), F.S.A.
We cannot agree with this contention. Although the courts of this State have not ruled directly on this point, the resulting damages to the furniture and consequential damages in the form of business interruption are nothing more than separate- *247 elements of damage, the scale of measure of recovery. The cause of action, if any, is the injury that causes loss to another and arises as a result of the physical injury to plaintiff’s furniture. Such was the holding in Evarts v. Jones, 1959, 170 Cal.App.2d 197, 338 P.2d 627.
Florida courts have held that a single wrongful act gives rise to a single cause of action, and that the various injuries resulting from it are merely items of damage arising from the same wrong. Mims v. Reid, Fla.1957, 98 So.2d 498; 62 A.L.R.2d 977, 984.
Accordingly, we hold that cause of action in both cases is barred by the three-year statute of limitations, § 95.11(5) (c), F.S.A.
Affirmed.
SHANNON, Acting C. J., and WHITE, J., concur.