Filed 4/22/15  Terbeek v. Panda Restaurant Group CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| LINDA A. TERBEEK, | |
| Plaintiff and Appellant, | E059775 |
| v. | (Super.Ct.No. TEC1110843) |
| PANDA RESTAURANT GROUP, INC., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Matthew C. Perantoni, Judge.  Affirmed.

Linda A. Terbeek, in pro. per., for Plaintiff and Appellant.

Ogletree, Deakins, Nash, Smoak & Stewart, Jack S. Sholkoff and Vanessa C. Krumbein, for Defendant and Respondent.

Plaintiff and appellant Linda A. Terbeek brought suit against her former employer, defendant and respondent Panda Restaurant Group, Inc. (Panda), alleging retaliation, discrimination, and wrongful termination.  Representing herself in pro. per., as she has

1

throughout this action, plaintiff appeals the trial court's decision to sustain Panda's demurrer to her third amended complaint (TAC) without leave to amend. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleges in the TAC that she was employed by Panda as a general manager for an unspecified period of time, and terminated on April 24, 2009. As best we can discern from the TAC, plaintiff was purportedly terminated for failure to comply with Panda policies and procedures relating to banking and the handling of daily deposits from restaurants. She contends that her termination was in fact the product of invidious discrimination, as well as retaliation for complaints to her supervisors about various violations of law and company policy, and retaliation for her decision, in relation to a worker's compensation dispute between Panda and another employee, to take the side of the employee.

Plaintiff's original complaint, filed in Riverside County Superior Court on December 8, 2011, alleged employment related claims under state law. Her first amended complaint added allegations that Panda had violated federal employment law. The case was removed by Panda to federal court, but was remanded after Panda successfully moved to dismiss the first amended complaint, on the basis that no federal law claims remained in her second amended complaint.[1]

---

[1] Plaintiff apparently disputes that she has abandoned her federal claims. Nevertheless, the lack of any remaining federal claims in the case was the basis asserted by the federal court for remanding the matter.

Following remand, Panda demurred to plaintiff's second amended complaint. The court sustained the demurrer on the ground that the alleged causes of action were "uncertain, ambiguous and unintelligible." The court granted plaintiff leave to amend, and the operative TAC was filed on April 26, 2013.

The normally undemanding exercise of listing the causes of action asserted by a plaintiff is not so straightforward in this case. The TAC purports to assert 18 causes of action. These causes of action are numbered, but not labeled with a description of their natures, as required by the California Rules of Court. (Cal. Rules of Court, rule 2.112(2).) And they are not, in substance, separate claims for violations of separate primary rights, but instead overlapping and sometimes repetitive collections of facts, argument, and legal citations addressing several forms of purportedly unlawful conduct on the part of Panda. Plaintiff conceded as much in oral argument on Panda's demurrer to the TAC, suggesting that the numbered sections of the TAC should have been labeled "facts in support of" rather than "cause of action."

Having established that defendant did not in fact even intend to assert 18 causes of action, despite the form of the TAC, the question remains how many causes of action she does attempt to assert, and what they might be. At various points in the TAC, as well as other documents filed in the trial court, plaintiff arguably suggests that she only intends to assert a single cause of action, for wrongful termination and/or retaliation in violation of public policy. In her briefing on appeal, plaintiff in essence asserts that the TAC states facts sufficient to support four causes of action: (1) wrongful termination and/or retaliation in violation of public policy; (2) a whistleblower retaliation claim pursuant to

3

Labor Code section 1102.5; (3) discrimination under the Fair Employment and Housing Act (Gov. Code, § 12900 et seq.) (FEHA); and (4) retaliation under FEHA.

Panda's demurrer to the TAC was filed on May 28, 2013. The matter came on for hearing on July 11, 2013. The trial court ruled from the bench, sustaining the demurrer without leave to amend. A written judgment was entered on July 30, 2013.

## II. DISCUSSION

**A. The Record on Appeal Does Not Comply with the Rules of Court, but Is Sufficient to Allow a Decision on the Merits.**

Panda contends that we should affirm the trial court's decision on several bases, the first of which is the adequacy of the record on appeal. Plaintiff designated for inclusion in her appendix of record only a few documents from the proceedings below, including the TAC and its attachments, a declaration plaintiff submitted "in support of" the TAC, her opposition to the demurrer to the TAC (but not plaintiff's moving papers or reply memorandum), and the trial court's judgment. Though the record plaintiff prepared does not comply with the California Rules of Court in all respects, we do not find those deficiencies an appropriate basis for summarily dismissing the appeal, as Panda would have us do.

It is a well-established rule of appellate review that it is the burden of the appellant to provide an adequate record on appeal. (E.g., *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Rule 8.124 of the California Rules of Court requires an appellant's appendix to include, as among those documents necessary

4

for proper consideration of the issues, "any item that the appellant should reasonably assume the respondent will rely on." (California Rules of Court, rule 8.124(b)(1)(B).)

Plaintiff failed to include in her appendix all documents that she should reasonably have assumed Panda would rely on. She omitted, for example, Panda's moving papers and reply memorandum with respect to the demurrer. These documents were particularly pertinent given that the trial court stated at oral argument that it was sustaining the demurrer "for the reasons stated in the moving party's papers."

Nevertheless, whether the TAC is impermissibly uncertain, and whether plaintiff has pleaded any valid cause of action, are questions that ultimately are answered through examination of the TAC itself, not Panda's moving papers. Moreover, Panda has submitted a respondent's appendix, in which it has included all the documents it contends plaintiff improperly omitted.[2] The record is therefore adequate for us to consider all of the arguments presented by all the parties on their merits. We find it preferable to do so, rather than deem plaintiff to have forfeited her appeal for procedural deficiencies.[3] We turn now to that task.

---

[2] Panda also filed a request for judicial notice of certain documents filed in federal court in this case, following removal but prior to remand. Plaintiff did not file any opposition to the request, and the documents at issue are properly the subject of judicial notice. The request for judicial notice is therefore granted. Nevertheless, the documents are not essential to our disposition of this appeal, and will not be further discussed.

[3] Panda also asserts that plaintiff failed to support her appeal with citations to the record in her briefing as a second procedural failure justifying affirmance. Plaintiff's briefing does contain some citations to the record, but Panda is correct that plaintiff has not complied with the mandate of the California Rules of Court that any reference to a

*[footnote continued on next page]*

**B. The Trial Court Did Not Err by Sustaining Panda's Demurrer Without Leave to Amend.**

*1. Standard of Review.*

A demurrer is used to test the sufficiency of the factual allegations of the complaint to state a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) The facts pleaded are assumed to be true, and the only issue is whether they are legally sufficient to state a cause of action. (See, e.g., *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

"While the decision to sustain or overrule a demurrer is a legal ruling subject to de novo review on appeal, the granting of leave to amend involves an exercise of the trial court's discretion. [Citations.] When the trial court sustains a demurrer without leave to amend, we must also consider whether the complaint might state a cause of action if a defect could reasonably be cured by amendment. If the defect can be cured, then the judgment of dismissal must be reversed to allow the plaintiff an opportunity to do so. The plaintiff bears the burden of demonstrating a reasonable possibility to cure any defect by amendment." (*Traders Sports, Inc. v. City of San Leandro* (2001) 93 Cal.App.4th 37, 43 (*Traders Sports*).)

---

*[footnote continued from previous page]*
matter in the record be supported by specific citation to the record. (California Rules of Court, rule 8.204(a).) Nevertheless, this appeal does not require review of a voluminous record; plaintiff appeals from a judgment following demurrer, not a motion for summary judgment or trial. We do not find the shortcomings of plaintiff's briefing so disruptive of our review of the merits of the appeal as to warrant deeming her arguments waived, even if would be within our discretion to do so.

6

*2. The TAC Is Impermissibly Uncertain, Ambiguous, and Unintelligible.*

Panda contends that the TAC is uncertain, ambiguous, and unintelligible, and the trial court indicated at oral argument that it agreed. Having reviewed the TAC, we agree that it is impermissibly uncertain, and therefore properly subject to demurrer on that ground.

Code of Civil Procedure section 430.10 establishes that a pleading that is "uncertain" is subject to demurrer, defining "uncertain" to include "ambiguous and unintelligible." (Code Civ. Proc., § 430.10, subd. (f).) However, a demurrer based on uncertainty is disfavored and will be strictly construed, even when the pleading is uncertain in some respects, because ambiguities can be clarified under modern discovery practices. (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 616.) Nevertheless, a demurrer for uncertainty is properly sustained where the complaint is so confusing that the defendant's ability to understand the complaint is impaired. (Cf. *Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139, fn. 2 [though "inconvenient, annoying and inconsiderate," lack of labels for causes of action did not substantially impair defendant's ability to understand complaint, so demurrer on ground of uncertainty should have been overruled].)

Here, Panda's ability to understand the TAC is substantially impaired by its uncertainty. The deficiencies of the TAC go far beyond a lack of labels for causes of action, or inartful and sloppy drafting, or the inclusion of extraneous material, though it

7

also suffers from all of these failings.[4]  As noted, the TAC is ambiguous even as to how many causes of action are asserted, let alone their nature; it is a matter of some speculation as to whether the TAC should be read to assert 18, four, or only a single cause of action.  Assuming defendant intends to assert four causes of action, as she apparently contends in her briefing on appeal, the facts in support of those purported causes of action are expressed in a loose, jumbled, and rambling manner, and no attempt is made to separately state each cause of action.  (See *Craig v. City of Los Angeles* (1941) 44 Cal.App.2d 71, 73 [complaint subject to demurrer on the grounds of uncertainty and unintelligibility because "it attempts to state numerous causes of action in a very loose and rambling manner without any attempt at separately stating them"].)  Further, plaintiff contends that she suffered discrimination, but it is difficult to determine from the TAC exactly on what basis she alleges discrimination occurred.  She alleges in the complaint that Hispanic employees of Panda were treated badly, but alleges she herself is Caucasian.  In her reply brief on appeal, she asserts that she is also Hispanic, and insists she personally suffered discriminated both as a Hispanic and a Caucasian, but there is no way for Panda to discern that to be a basis of her claims from the allegations of the TAC.  Some portions of the TAC suggest discrimination on the basis of gender or age, in addition to race.  It is simply unacceptable for a plaintiff asserting discrimination claims

---

[4]  Interspersed in the factual allegations of the complaint are snippets of legal argument and citations to authority that, in a more organized and fully articulated form, might be an appropriate part of a motion or brief, but do not belong in a complaint.  For example, the following sentence appears no less than four times in the TAC: "Tameny case supports all Plaintiffs actions taken and remedies for those actions."  (*Sic*.)

to in effect require the defendant to speculate as to the alleged basis or bases of the claims.

Moreover, in plaintiff's briefing on appeal, she presents no cogent argument demonstrating that the TAC is not subject to demurrer on the basis of uncertainty. Even when, as here, we are conducting a de novo review of issues of law, it remains the duty of the appellant to demonstrate error in the trial court's reasoning. (*Thomas v. Shewry* (2009) 170 Cal.App.4th 1480, 1485.) Plaintiff has not fulfilled that duty in this case. The various deficiencies of the TAC, taken together, render any attempt to respond to it an exercise in speculation and conjecture. The trial court's decision to sustain Panda's demurrer on the ground of uncertainty was not erroneous.

Panda further argues that, even to the extent the causes of action plaintiff intended to assert may be discerned or assumed, the TAC was also subject to demurrer for failure to allege facts sufficient to state cause of action. It is unnecessary, however, for us to reach that issue, because the TAC's uncertainty is an independently sufficient basis to sustain Panda's demurrer. Moreover, in at least some respects, such an analysis would require *us* to speculate as to the nature of the claims plaintiff intended to assert, and attempt to assemble the scattered factual allegations in the TAC into a coherent whole— effectively, rewriting the complaint. Especially given that plaintiff's briefing on appeal would be of virtually no assistance to us in that exercise, we simply decline to engage in it. (See *Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 44 [neither trial court nor court of appeal will rewrite a complaint].)

No such analysis is needed, however, to conclude that at least some of the claims plaintiff may have intended to assert are time barred. Specifically, the TAC shows on its face that any wrongful termination claim or Labor Code section 1102.5 claim plaintiff might have wished to assert would be barred by the applicable statute of limitations. (See *Union Carbide Corp. v. Superior Court* (1984) 36 Cal.3d 15, 25 [demurrer based on the statute of limitations lies only where the dates in question are shown on the face of the complaint].) Since January 1, 2003, common law claims of wrongful termination or retaliation in violation of policy have been subject to a two-year statute of limitations. (*Mathieu v. Norrell Corp.* (2004) 115 Cal.App.4th 1174, 1189, fn. 14; Code Civ. Proc., § 335.1.) Claims pursuant to Labor Code section 1102.5 are governed by the one-year statute of limitations for an "action upon a statute for a penalty or forfeiture." (Code Civ. Proc., § 340, subd. (a); see Labor Code, § 1102.5, subd. (f) [$10,000 penalty for each violation of section].)[5] The TAC alleges that plaintiff was terminated by Panda on April 24, 2009, more than two years before the action was filed, on December 8, 2011. Plaintiff's arguments regarding tolling of the statute of limitations pending the resolution of her complaint to the EEOC are foreclosed by well-established case law. (*Mathieu*, *supra*, at pp. 1189-1190.) With respect to at least these two potential causes of action,

_____

[5] Plaintiff's references to Labor Code section 1102.5 arguably could be interpreted as merely part of her wrongful termination/retaliation claim, viewing that statute as articulating the public policy element of the common law claim, rather than a separate cause of action seeking statutory penalties. (See *Collier v. Superior Court* (1991) 228 Cal.App.3d 1117, 1123 [discussing public policy of protecting whistleblowers, codified in Lab. Code, § 1102.5].) We would reach the same conclusion, however, regardless of how we resolve this ambiguity.

therefore, plaintiff failed to state a valid claim, and the demurrer was properly sustained on that ground, in addition to uncertainty.

4. *The Trial Court Did Not Abuse Its Discretion by Denying Plaintiff Leave to Amend.*

Plaintiff requested further leave to amend, which the trial court denied. We find no abuse of discretion.

"Ordinarily the trial court should be liberal in allowing amendments where the defect in the complaint is one of form only." (*Billesbach v. Larkey* (1911) 161 Cal. 649, 653.) "Where the defect [in a pleading] . . . is reasonably capable of cure, 'leave to amend is routinely and liberally granted to give the plaintiff a chance to cure the defect in question.'" (*CLD Construction, Inc. v. City of San Ramon* (2004) 120 Cal.App.4th 1141, 1146.) Nevertheless, a chance to cure the defect does not mean unlimited opportunities to amend; "there must be a limit to the number of amended complaints." (*Johnson v. Ehrgott* (1934) 1 Cal.2d 136, 138.) When deficiencies in a plaintiff's complaints have been raised by demurrer, and after multiple attempts the plaintiff has not overcome those deficiencies, the trial court may reasonably conclude that the plaintiff is unable to do so. (*Ruinello v. Murray* (1951) 36 Cal.2d 687, 690 [affirming denial of leave to amend after demurrer sustained to third amended complaint].) Regardless of the number of previous amendments, the burden is on the plaintiff to "show in what manner [she] can amend [her] complaint and how that amendment will change the legal effect of [her] pleading." (*Community Cause v. Boatwright* (1981) 124 Cal.App.3d 888, 897; see *Traders Sports, supra*, 93 Cal.App.4th at p. 43.)

11

Here, plaintiff has had multiple opportunities to amend her complaint, and even after defendant's successful motion to dismiss the first amended complaint in federal court, and demurrer to the second amended complaint following remand, plaintiff has failed to cure the identified deficiencies. As noted above, some of plaintiff's potential claims are time barred, and unlikely to be cured by amendment. Even with respect to other possible claims that would not be barred by an applicable statute of limitations, nothing plaintiff presented to the trial court or in her briefing on appeal demonstrates a fourth amended complaint would not suffer from the same defects as her previous complaints. The trial court did not abuse its discretion by denying plaintiff further leave to amend.

III. DISPOSITION

The judgment appealed from is affirmed. In the interests of justice, the parties shall bear their own costs on appeal. (California Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST_____

J.

We concur:


RAMIREZ_____
    P.J.

CODRINGTON_____
    J.


12